**In re TOTAL TRANSPORTATION, INC., Debtor.**

**Thomas F. MILLER, Trustee for the bankruptcy estate of Total Transportation, Inc., Plaintiff,**

v.

**HAVE–A–PORTION, INC., Defendant.**

**Bankruptcy No. 4–85–1909.**
**Adv. No. 4–87–259.**

United States Bankruptcy Court, D. Minnesota.

April 25, 1989.

Paul O. Taylor, Minneapolis, Minn., for plaintiff.

---

Andrew R. Clark, Mackall, Crounse & Moore, Minneapolis, Minn., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR SUMMARY JUDGMENT

NANCY C. DREHER, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned on March 23, 1989, on the plaintiff's motion for summary judgment. Paul Taylor appeared for the plaintiff; Andrew Clark appeared for the defendant. This court has jurisdiction to hear and decide this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 103. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O). Based on the files, records and proceedings herein, including the arguments of counsel, I make the following Findings of Fact, Conclusions of Law and Order for Summary Judgment.

## FACTS

Commencing on or about August 12, 1982, and ending on or about August 27, 1983, Have–A–Portion ("HAP") utilized the services of Total Transportation, Inc. ("Total") to transport shipments of sugar from Sugarland, Texas, to Roseville, Minnesota. Total transported 58 shipments of sugar during that time, and for each shipment Total originally billed and HAP paid a charge of $800.00.

Total ceased operations in late 1985 after an involuntary bankruptcy petition was filed against it. Thereafter, an audit of Total's freight bills was conducted by Transport Audit Service, Inc. ("Transport Audit"), in August 1987. Transport Audit Service discovered that Total had not billed nor had HAP paid the proper rate for the shipments at issue. According to Transport Audit, the gross freight charge which should have been collected by Total from HAP for each shipment is $1,632.40. Thus, the net balance due for each shipment according to Transport Audit is $832.40; the result being a total balance due of $48,-279.20 for the 58 shipments at issue. Transport Audit arrives at this result because Total did not utilize the correct tariff rates to compute the shipment charges.

Defendant argues that plaintiff is not entitled to summary judgment as a matter of law on the facts of this case because plaintiff obtained the transportation of such shipments by fraud and misrepresentation and is therefore estopped from pursuing the undercharges claim. Defendant argues that under appropriate circumstances, equitable considerations can be used to alter the filed rate doctrine.

## DISCUSSION

Plaintiff's motion for summary judgment is made pursuant to Bankruptcy Rule 7056 and the Federal Rule of Civil Procedure 56. Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. The court must view the facts, and all reasonable inferences drawn from the facts, in the light most favorable to the opposing party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Foster v. Johnson–Manville Sales Corp.*, 787 F.2d 390, 392 (8th Cir.1986). Because the parties do not dispute any material issues of fact, this motion is ripe for summary judgment.

### A. Procedural Background

Plaintiff commenced this action to collect freight undercharges from HAP on September 18, 1987. On December 10, 1987, HAP filed a motion to refer this adversary proceeding to the Interstate Commerce Commission ("ICC") and to determine whether this is a core proceeding. Thereafter, on February 16, 1988, HAP filed a motion to withdraw the reference of this adversary proceeding to the district court, before the prior motion was decided. Thereafter, on April 28, 1988, this court denied defendant's motion for an order referring this matter to the ICC and determined this matter to be a core proceeding.

On December 28, 1988, the district court granted HAP's motion for leave to appeal, however, the district court also denied HAP's motion to withdraw reference and

affirmed this court's order denying referral to the ICC.

### B. Equitable Defenses

■ Defendant argues plaintiff is not entitled to summary judgment as a matter of law because defendant has valid equitable defenses to plaintiff's undercharge claim. The Eighth Circuit, however, follows the rule of law that deviation from the filed tariff rate is not permitted and that equitable considerations cannot be invoked as a defense to the collection of undercharges. *Paulson v. Greyhound Lines, Inc.*, 804 F.2d 506, 507 (8th Cir.1986); *Missouri Pacific Rwy. Co. v. Rutledge Oil Co.*, 669 F.2d 557, 559 (8th Cir.1982). *See also Square D Co. v. Niagra Frontier Tariff Bureau, Inc.*, 476 U.S. 409, 106 S.Ct. 1922, 1928, 90 L.Ed.2d 413 (1986); *Miller v. Armour & Co.* (*In re Total Transp., Inc.*), 84 B.R. 590, 597 (D.Minn.1988); *Miller v. BTS Transport Servs.* (*In re Total Transp., Inc.*), 87 B.R. 568, 575 (Bkrtcy.D.Minn. 1988). Additionally, the Eighth Circuit held in *Paulson* that unpublished agreements of the parties may not alter the provisions of a filed tariff. 804 F.2d at 507–08.

Defendant attempts to distinguish this body of law by arguing that an estoppel exception exists if a consignee, HAP, can establish that it detrimentally relied upon false representations by a carrier. The issue of consignee liability for freight undercharges was addressed by the Eighth Circuit in *Inman Freight Systems, Inc. v. Olin Corp.*, 807 F.2d 117 (8th Cir.1986). In *Inman* the Eighth Circuit reasoned that a carrier may be estopped from collecting freight charges when the consignee relies on a misrepresentation and is asked to pay double the applicable charges, however, an estoppel defense is not available when carriers simply misquote the rates. 807 F.2d at 121. In order for the carrier to be estopped from collecting from the consignee, the consignee must have paid the full applicable rate to the consignor. *Id.* *See Southern Pacific Transp. Co. v. Campbell Soup Co.*, 455 F.2d 1219, 1222 (8th Cir. 1972). The facts of this case present a similar scenario to that of the *Inman* case.

Total's misapplication of the applicable tariff rate resulted in HAP paying something less than 50% of the appropriate rate. According to the Eighth Circuit in *Inman,* if HAP has not paid the full freight charge, HAP will not be subjected to the inequity of double payment. Therefore, HAP may not assert any equitable defenses to Total's undercharge claim.

### C. Prejudgment Interest

■ As part of its motion for summary judgment, plaintiff requests that it should be awarded prejudgment interest. This court notes that courts dealing with actions other than undercharge cases conclude that the decision to award prejudgment interest is in the sound discretion of the bankruptcy court. *See Bergquist v. Anderson–Greenwood Aviation Corp.* (*In re Bellanca Aircraft Corp.*), 850 F.2d 1275, 1281 (8th Cir. 1988) (preference action); *Fryman v. Century Factors* (*In re Art Shirt Ltd.*), 93 B.R. 333, 342 (E.D.Pa.1988) (preference action). With respect to undercharge cases the rule in the Eighth Circuit is that prejudgment interest is normally awarded. *Inman,* 807 F.2d at 121. The Fifth Circuit goes one step further in concluding that in actions for undercharges on freight shipments, prejudgment interest is mandatory. *Southern Pacific Transp. Co. v. San Antonio,* 748 F.2d 266, 275 (5th Cir.1984).

This court will follow the instructions of the Eighth Circuit in *Inman* and award Total prejudgment interest. The rate of prejudgment interest, as governed by state law, *Middleton v. Farmers State Bank of Fosston,* 45 B.R. 744, 749 (Bkrtcy.D.Minn. 1985), is 8% for judgments entered in 1989. Minn.Stat. § 549.09(c). Interest shall accrue from September 8, 1987, the date Total commenced this adversary proceeding. *See* Minn.Stat. § 549.09(b).

THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is granted.

2. Plaintiff shall have and recover $48,-279.20 from defendant, plus interest at the

statutory judgment rate of 8% per annum, accruing from September 8, 1987.

LET JUDGMENT BE ENTERED AC-CORDINGLY.